UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TYREL GERRARD BRANNON,

Plaintiff,

v.

CITY OF MOUNTAIN VIEW, et al.,

Defendants.

Case No. 26-cv-01419-ASK

**SCREENING ORDER REVIEWING PLAINTIFF'S COMPLAINT**

On February 18, 2026, Plaintiff Tyrel Gerrard Brannon filed this civil action and application to proceed *in forma pauperis*. The Court granted Mr. Brannon's application to proceed *in forma pauperis* on March 10, 2026. Dkt. 7. The Court now screens Mr. Brannon's complaint pursuant to 28 U.S.C. § 1915, and, for the reasons set forth below, concludes that the operative complaint is sufficient. Accordingly, the Court **ORDERS** service of the complaint on Defendants by the Marshal.

## I.    LEGAL STANDARD

The *in forma pauperis* statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A complaint is frivolous under Section 1915 where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking).

United States District Court
Northern District of California

A complaint may also be dismissed for failure to state a claim, because Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The complaint, therefore, must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). When the complaint has been filed by an unrepresented plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (cleaned up). Upon dismissal, unrepresented plaintiffs proceeding *in forma pauperis* must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (cleaned up); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## II.   DISCUSSION

As courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331. A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state." *Id.*

Here, Mr. Brannon alleges that Defendants used excessive force against him during Mr. Brannon's arrest on the evening of July 18, 2025. Dkt. 5 at 4. Specifically, Mr. Brannon alleges that Defendant Officer Sausalito forced him onto his stomach, punched him in the back of his

head, and wrapped his arms around Mr. Brannon's neck while digging his knees into Mr. Brannon's back. *Id*. at 4-5. Mr. Brannon lost consciousness and was later transported to the emergency room. *Id*. at 5. Mr. Brannon brings this action under 42 U.S.C. § 1983 for violations of his constitutional rights. Dkt. 5 at 2. Thus, Mr. Brannon has set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure.

Accordingly, the Court concludes that the complaint is sufficient to satisfy Section 1915 review.

### III.   CONCLUSION

For the reasons set forth above, the allegations in Mr. Brannon's complaint are sufficient under 28 U.S.C. § 1915(e)(2). The Clerk of Court shall issue the summons. Furthermore, the U.S. Marshal for the Northern District of California shall serve, without prepayment of fees, a copy of the complaint, any amendments or attachments, Mr. Brannon's affidavit, and this Order upon Defendants.

While this case is pending, Mr. Brannon must promptly inform the Court of any change of address. Failure to do so may result in dismissal of this action.

Because Mr. Brannon is unrepresented, he may wish to contact the Federal Pro Bono Project's Help Desk for assistance—a free service for unrepresented litigants—by calling (415) 782-8982 to make an appointment. While the Help Desk does not provide legal representation, a licensed attorney may assist Mr. Brannon in preparing his case.

Mr. Brannon may also wish to consult a manual the court has adopted to assist unrepresented litigants in presenting their case. This manual, and other free information for unrepresented litigants, is available online at: https://cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: March 25, 2026

AJAY S. KRISHNAN
United States Magistrate Judge

3