UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TYREL GERRARD BRANNON,

Plaintiff,

v.

CITY OF MOUNTAIN VIEW, et al.,

Defendants.

Case No.  26-cv-01419-ASK

**ORDER RE: MOTION TO DISMISS**

Re: Dkt. Nos. 19, 25, 26, 28

Plaintiff Brannon, who represents himself, alleges that officers of the Mountain View Police Department wrongfully arrested him during a traffic stop, used excessive force against him while he was detained, and denied him medical care. Dkt. 6.[1] Mr. Brannon sues the City of Mountain View for various constitutional claims arising from this incident. The City of Mountain View ("the City") moves to dismiss Mr. Brannon's claims pursuant to Rule 12(b)(6) for failure to state a claim. Dkt. 19. Having considered the briefing, the Court determines this motion without oral argument. *See* N.D. Cal. Civ. L. R. 7-1(b). The City's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART** as set forth below.

## I.    BACKGROUND

Mr. Brannon alleges as follows: On July 18, 2025, officers of the Mountain View Police Department stopped a vehicle in which Mr. Brannon was traveling as a passenger. Dkt. 6 at 3. During the traffic stop, the officers ordered Mr. Brannon out of the vehicle, searched him, and found an "oil burner used to smoke THC oil." *Id.* at 3, 5. As the officers placed Mr. Brannon in handcuffs, Mr. Brannon "identified himself as Tyrel Gerrard Brannon and informed [Officer

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

Sausalito] that he had a misdemeanor warrant." *Id*. at 5. Officer Sausalito then put Mr. Brannon into the patrol vehicle and transported him to the Mountain View Police Station. *Id*. Later on, while escorting Mr. Brannon to a holding cell, Officer Sausalito wrapped his arms around Mr. Brannon's neck, placed his knees in Mr. Brannon's back, forced Mr. Brannon onto his stomach, forced his head onto the ground, and struck him with a palm punch to the back of the head. *Id*. at 3, 7. One unnamed defendant officer participated in the attack, and another was present but failed to intervene. *Id*. At some point, Mr. Brannon lost consciousness and was taken to the emergency room. *Id*. at 4.

Mr. Brannon brings this action against the City for Fourth Amendment unlawful seizure, excessive force, and *Monell* claims and a Fourteenth Amendment deliberate indifference claim. The City moves to dismiss Mr. Brannon's complaint for failure to state a claim.

## II.    DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(6), dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The facts alleged must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Conclusory assertions are insufficient to state a claim. *Iqbal*, 556 U.S. at 678. That said, the Court accepts all factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019). Because Mr. Brannon represents himself, the Court must liberally construe the complaint "to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (cleaned up).

### A.    Unlawful Seizure

The City moves to dismiss Mr. Brannon's unlawful seizure claim as barred by the *Heck* doctrine and otherwise contradicted by his allegation that he informed Officer Sausalito of an outstanding misdemeanor warrant during his arrest.

2

United States District Court
Northern District of California

### 1.    *Heck* Doctrine

"Under *Heck*, a prisoner may not bring a claim under § 1983 that necessarily implies the invalidity of a conviction or sentence until he has succeeded in invalidating the conviction or sentence by other means, such as through the grant of a writ of habeas corpus." *King v. Tellez*, No. 24-CV-05175-NW, 2026 WL 1078333, at *6 (N.D. Cal. Apr. 21, 2026) (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)). The City argues that "*Heck* applies here to preclude [Mr. Brannon's] section 1983 claims because the factual allegations that form the basis for [Mr. Brannon's] unlawful seizure claim necessarily imply the invalidity of [Mr. Brannon's] arrest." Dkt. 19 at 5. But the complaint lacks any indication that Mr. Brannon was convicted, and the City fails to request judicial notice of any public records that would substantiate the City's argument that Mr. Brannon's wrongful arrest claim would invalidate any conviction or sentence. Accordingly, this basis for dismissal is **DENIED**.

### 2.    Probable Cause

The City also argues for dismissal of Mr. Brannon's unlawful seizure claim on the grounds that "his own allegations describe the probable cause for his arrest." Dkt. 19 at 5. "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 918 (9th Cir. 2012); *see also Arizona v. Johnson*, 555 U.S. 323, 333 (2009) ("A lawful roadside stop begins when a vehicle is pulled over for investigation of a traffic violation. The temporary seizure of driver and passengers ordinarily continues, and remains reasonable, for the duration of the stop.").

Rather than challenging the probable cause for his arrest, Mr. Brannon alleges that he was "detained without probable cause" during the traffic stop when the officers removed and handcuffed him prior to his admission about the outstanding misdemeanor warrant. Dkt. 6 at 5, 8.

> The Fourth Amendment permits two categories of police seizures: (1) *Terry* stops, *i.e.*, brief, investigative stops when police officers have reasonable suspicion that the person apprehended is committing or has committed a criminal offense; and (2) full-scale arrests, which require probable cause at the time of arrest that the person being arrested has committed a crime. During a *Terry* stop motivated by reasonable suspicion, the officer may ask investigatory questions, but

the scope of the detention must be carefully tailored to its underlying justification.

*United States v. In*, 124 F.4th 790, 794 (9th Cir. 2024) (cleaned up). But "[a]t some point, an investigative stop can no longer be justified as an investigative stop, and turns into an unconstitutional *de facto* arrest." *Id*. "Handcuffing as a means of detaining an individual does not automatically escalate a stop into an arrest, but it substantially aggravates the intrusiveness of an otherwise routine investigatory detention and is not part of a typical *Terry* stop." *Id*. at 795.

Here, Mr. Brannon alleges facts suggesting that his *Terry* stop became a *de facto* arrest without justification. He does not allege any facts that would make the officers' use of handcuffs reasonable under the circumstances prior to his mention of an outstanding warrant. Accordingly, the City's motion to dismiss Mr. Brannon's unlawful seizure claim for probable cause is **DENIED**.

### B.    Excessive Force

The City moves to dismiss Mr. Brannon's excessive force claim for lack of specificity. But Mr. Brannon's allegations as to Defendant Officer Sausalito's attack are sufficiently specific to survive the City's motion to dismiss. *See, e.g.*, Dkt. 6 at 7. The Court declines to address claims against Trainer Officer John Doe and Trainee Officer John Doe until Mr. Brannon identifies these unnamed defendants (presumably as a result of the upcoming discovery process) and amends his complaint to formally name them as defendants. Accordingly, the City's motion to dismiss Mr. Brannon's excessive force claim is **DENIED**.

### C.    *Monell* Claims

The City moves to dismiss Mr. Brannon's *Monell* claims on the grounds that "they fail to identify any specific training issue" and "are based entirely on this one incident." Dkt. 19 at 10. Mr. Brannon has neither alleged nor articulated facts sufficient to support an inference of municipal liability by identifying an official policy or practice that caused the violation of his constitutional rights. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978) (concluding that municipalities may not "be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."). Accordingly, Mr. Brannon's *Monell* claims against the City are **DISMISSED with leave to amend**.

4

United States District Court
Northern District of California

### D.    Deliberate Indifference

The City moves to dismiss Mr. Brannon's deliberate indifference claim on the grounds that "it lacks the requisite allegations as to an intentional decision or unreasonable action that caused plaintiff serious medical harm." Dkt. 19 at 8.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). According to the complaint, "[d]uring transport, [Mr. Brannon] informed Officer Sausalito that he needed medical attention and requested that an ambulance be called." Dkt. 6 at 5. However, Mr. Brannon fails to allege facts sufficient to support an inference that Officer Sausalito's decision to confine him "put [him] at substantial risk of suffering serious harm[.]" *Gordon*, 888 F.3d at 1125. Accordingly, Mr. Brannon's deliberate indifference claim is **DISMISSED with leave to amend**.

//

//

//

//

//

### III.    CONCLUSION

For the reasons explained, the City's motion to dismiss is **DENIED** as to Mr. Brannon's unlawful seizure and excessive force claims. Mr. Brannon's *Monell* and deliberate indifference claims are **DISMISSED with leave to amend**. Mr. Brannon may file an amended complaint by **July 29, 2026**. An initial case management conference is set for **July 21, 2026**, at 1:30PM via Zoom Webinar. A joint case management statement is due **July 14, 2026**.

Mr. Brannon's administrative motions for discovery are **DENIED**. Dkts. 25, 26, 28. Mr.

Brannon may serve discovery requests after the parties have conducted their Rule 26(f) conference in anticipation of the initial case management conference.

**IT IS SO ORDERED.**

Dated: June 24, 2026

_____
AJAY KRISHNAN
United States Magistrate Judge

United States District Court
Northern District of California

6